IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY L. MORRISON, et ux.          *

       Plaintiffs              *

       vs.                     *   CIVIL ACTION NO. MJG-01-2700

SULZER SPINE-TECH, INC., et al.   *

       Defendants              *

\*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Motion to Extend Designation of Experts and Modify Scheduling Order, Defendants' Motion to Strike Expert Designations and to Dismiss Complaint, Defendants' Motion to Compel Discovery Responses, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In the words of Yogi Berra, or perhaps Casey Stengal: "It's deja vu all over again." Once again the same lawyer, suing the same Defendants, on the same causes of action, has failed to meet his obligations with regard to expert witnesses and discovery.

A.  **Expert Witnesses**

In the case of Bryant v. Sulzer Spine-Tech, Inc., MJG-00-690, this Court gave Plaintiffs' counsel an extended deadline for the designation of, and providing of Rule 26(a) information

regarding, expert witnesses with an express warning that failure to comply would result in dismissal.  Plaintiffs' counsel did not comply and the case was dismissed.  The Court would be justified in dismissing the instant case now because Plaintiffs' counsel has had the warning given in the <u>Bryant</u> case.  Nevertheless, in consideration of the Plaintiffs in the instant case, the Court will not <u>now</u> dismiss the case.

Plaintiffs' counsel will, as in <u>Bryant</u>, be given one, but only one, more chance to meet his obligations so as to avoid dismissal.  Plaintiffs shall, without fail, and without further extension, timely provide all Rule 26(a) information with regard to the expert witnesses[1] who might testify at trial.

Plaintiffs' counsel asked for an extension of the time to provide Rule 26(a) information for 39 days from November 16, 2001.  Regrettably, but perhaps inevitably, the subject motions did not get fully briefed and presented for ruling until well after the extended deadline would have passed.  One might expect, or hope, that since Plaintiffs' counsel effectively obtained the

---

[1] Dr. Drucker, as the treating physician, is a fact witness who may also provide expert opinions.  Dr. Drucker may be hostile to the Plaintiffs inasmuch as they have filed a claim against him for malpractice.  Accordingly, Plaintiffs need not provide a formal report from Dr. Drucker, but must provide all relevant documentation, testimony and other statements they have, or can reasonably obtain, from Dr. Drucker.

delay he sought, he would already have complied with his obligations. However, that might be too much to expect.

Inasmuch as Plaintiffs' counsel is now being given <u>one</u> final chance to comply with his obligations, he will be given a month from the date of this Order to provide all Rule 26(a) information. Plaintiffs' counsel must not expect that there will be <u>any</u> extensions; therefore, he should not wait until near the deadline because there simply will be no tolerance for another attempt at delay. If Plaintiffs' counsel fails to meet the deadline, the case shall be dismissed with prejudice.

B.   <u>Discovery</u>

Plaintiffs' counsel has not bothered to respond to Defendants' motion seeking to compel discovery responses. Again, Plaintiffs' counsel seems to be repeating the inappropriate conduct that resulted in dismissal of the <u>Bryant</u> case.

Plaintiffs' counsel shall, without fail, and without delay, provide the outstanding discovery responses, fully executed, pursuant to this Order. Plaintiffs' counsel will be given twenty days from the date of this Order to provide such responses. If he fails to do so, the case shall be dismissed with prejudice.

C.   <u>Conclusion</u>

For the foregoing reasons:

1. Plaintiffs' Motion to Extend Designation of Experts is GRANTED.

2. Plaintiffs' Motion to Modify Scheduling Order is GRANTED.

3. Defendants' Motion to Strike Expert Designations is DENIED.

4. Defendants' Motion to Dismiss Complaint is DENIED.

5. Sulzer Spine-Tech, Inc. and Sulzer Spine-Tech Surgical, Inc.'s Motion to Compel Discovery Responses is GRANTED.

6. Plaintiffs shall, without fail, provide full and complete answers to Defendants' Interrogatories and the documentation requested by Defendants in Request for Production of Documents by January 28, 2002.

    a. There shall be no extension of this date.

    b. Should Plaintiffs fail to comply, the case shall be dismissed with prejudice.

7. By February 7, 2002, Plaintiffs shall provide <u>all</u> Rule 26(a) information regarding their expert witnesses[2] and make each such witness available for depositions within 30 days thereafter.

    a. There shall be no extension of this date.

    b. Should Plaintiffs fail to comply, this case shall be dismissed with prejudice.

---

[2] As to Dr. Drucker, Plaintiffs need not provide a formal report, but must provide all relevant documentation, testimony and other statements they have, or can reasonably obtain, from Dr. Drucker.

8. The Scheduling Order deadline regarding Defendants' expert witnesses is extended to March 7, 2002.

9. The Scheduling Order deadline for Plaintiffs' rebuttal experts is extended to April 7, 2002.

10. The deadline for Rule 26(a) supplementation is extended to April 16, 2002.

11. The discovery deadline and status report due date is extended to May 10, 2002.

12. Request for admissions shall be served by May 18, 2002.

13. Any summary judgment motions shall be filed by June 11, 2002.

SO ORDERED this 7th day of January, 2002.

_____
Marvin J. Garbis
United States District Judge