IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY L. MORRISON, et ux.          *

       Plaintiffs                 *

vs.                               *   CIVIL ACTION NO. MJG-01-2700

SULZER SPINE-TECH, INC., et al.   *

       Defendants                 *

*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

The Court has before it Defendants' Renewed Motion to Strike Expert Designations and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

It is not necessary to restate the unfortunate history of this case. At present, it appears that Defendants question the adequacy of the purported Rule 26(a)(2) compliance with respect to Plaintiffs' only designated expert witness[1], Dr. Rosemblatt.

To a degree, Defendants are conflating their contention that there has not been adequate disclosure of Dr. Rosemblatt's opinions and their contention that said opinions are inadequate to establish liability on their part. This is somewhat understandable in view of the difficulty in understanding precisely what are the disclosed opinions held by Dr. Rosemblatt

---

[1] Doctor Ducker and Doctor Forrest are identified as treating physicians who will not be giving testimony beyond statements of their respective treatment.

to a reasonable degree of medical certainty.

Under the circumstances here presented, the Court will require Plaintiffs' counsel to identify, without rewording and amplification, the opinions of Dr. Rosemblatt that purportedly have been disclosed and as to which he proposes to offer testimony. This shall be done by providing the Court, and Defendants, with copies of the purported reports on which Plaintiffs' counsel has highlighted the precise words that are claimed to set forth Dr. Rosemblatt's opinions to a reasonable degree of medical certainty that shall be offered in evidence. In light of this presentation, the Court will determine the extent to which there has been adequate disclosure and, concomitantly, the specific opinions as to which Dr. Rosemblatt may offer testimony.

For the foregoing reasons, Plaintiffs' counsel shall, by May 6, 2002, provide the Court and Defendants' counsel with copies of the purported reports of Dr. Rosemblatt on which there has been highlighting of the statements constituting the opinions as to which expert testimony is being proffered.

SO ORDERED this 23rd day of April, 2002.

_____
Marvin J. Garbis
United States District Judge