```
      FILED
  U.S. DISTRICT COURT
  DISTRICT OF MARYLAND
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
2002 MAY 20  P 2:40

  CLERK'S OFFICE
    AT BALTIMORE

  _____DEPUTY
```

GARY L. MORRISON, et ux.         *

          Plaintiffs          *

          vs.                 * CIVIL ACTION NO. MJG-01-2700

SULZER SPINE-TECH, INC., et al.  *

          Defendants          *

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court has before it Defendants Sulzer Spine-Tech, Inc. and Sulzer Spine-Tech Surgical, Inc.'s Renewed Motion to Strike Expert Designations and to Dismiss Complaint, Plaintiffs' Motion to Extend Time to File Expert's Underlined Opinions Per Order, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In the case of <u>Bryant v. Sulzer Spine-Tech, Inc.</u>, MJG-00-690, this Court gave Plaintiffs' counsel (representing other Plaintiffs) an extended deadline for the designation of, and providing of Rule 26(a)(2) information regarding, expert witnesses with an express warning that failure to comply would result in dismissal. Plaintiffs' counsel did not comply and the case was dismissed.

In the instant case, Plaintiffs' counsel failed to meet the deadline for making Rule 26(a)(2) disclosures. The Court stated in a January 7, 2002 Memorandum and Order that it would have been justified in dismissing the instant case. Nevertheless, in consideration of the Plaintiffs in the instant case, the Court did not dismiss the case but gave Plaintiffs' counsel "one, but only one, more chance to meet his obligations so as to avoid dismissal." Jan. 7, 2002 Mem. And Order at 2. The Court expressly Ordered that:

> By February 7, 2002, Plaintiffs shall provide all Rule 26(a) information regarding their expert witnesses[1] and make each such witness available for depositions within 30 days thereafter.
>
> a. There shall be no extension of this date.
>
> b. Should Plaintiffs fail to comply, this case shall be dismissed with prejudice.

---

1. As to Dr. Ducker, Plaintiffs need not provide a formal report, but must provide all relevant documentation, testimony and other statements they have, or can reasonably obtain, from Dr. Ducker.

Id. (emphasis and footnote in original).

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that, as to each identified expert witness, a party must provide, among other things, "a written report prepared and signed by the witness. The report shall contain a complete

statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions" etc.

The only expert witness (other than treating physicians) identified by Plaintiffs is Dr. Aldo Rosemblatt. In purported compliance with Rule 26(a), Plaintiffs' counsel provided, by a February 8, 2002 (one day late) fax, a December 5, 2001 and a February 7, 2002 letter from Dr. Rosemblatt to Plaintiffs' counsel.

In Plaintiff's Opposition to the instant motion, Plaintiffs' counsel did not clearly articulate what were opinions that Dr. Rosemblatt purportedly set forth in the letter/reports of December 5, 2001 and February 7, 2002. By Order of April 23, 2002 the Court required that Plaintiffs' counsel, "by May 6, 2002, provide the Court and Plaintiffs' counsel with "copies of the purported reports of Dr. Rosemblatt on which there has been highlighting of the statements constituting the opinions as to which expert testimony is being offered." April 23, 2002, Mem. And Order at 2. Plaintiffs' counsel claims to have mailed the highlighted letters on May 3, 2002, but these were not timely received in Chambers. On May 7, the Court received (by fax) the highlighted letters and a motion to extend the deadline. The

3

Court hereby grants the said motion and deems the documents to have been provided by May 6, 2002.

The aforesaid letters, as highlighted by Plaintiffs' counsel, present the following purported "complete statement of all opinions to be expressed and the basis and reasons therefore" as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure:

- [The only concern with Dr. Ducker's care was] the use of local laminectomy bone, which is mostly cortical bone to fill up the cages, which is a departure of the original protocol using cancellous hip bone.

- The issue in this case becames [sic] the information given to the surgeon in terms of technique modification, and if in fact, the titanium cage manufacturer Sulzer Spine-Tech or its representatives failed to properly train, inform or otherwise instruct Dr. Ducker in the proper use of the bone grafting material pursuant to the F.D.A. approved protocols then it is my belief, within the limits of medical certainty that the departure from the original protocol could have adversely affected the ultimate outcome in this case.

- The concept of cage implantation is in the surface sound, however the recommendation for its general use may have been premature, the information relayed to the surgeons and end users faulty and the users ended up being the ultimate quality control.

- [With regard to the issue of informed consent] it is my opinion that the patients such as Ms. Morrison should be informed of the catual [sic] risks and benefits of the procedure.

- [T]he patient guide indicates that bone will be taken specifically form [sic] the hip, which would be in conformance with the PMA protocol but is not true in

      practice.  The surgeon in this case used the bone
      obtained from the laminectomy site during the operation
      contrary to the patient guide information.  If this is
      not the intent of the manufacturer, then the guide and
      information given to the patient should reflect this.

The foregoing does not approach, much less achieve, compliance with Rule 26(a((2)(B).  There is little more than a vague hint, let alone a complete statement with reasons, of the relevant opinions to be offered by Dr. Rosemblatt in support of Plaintiffs' claims against the Defendants.  The Court will, therefore, strike the designation of Dr. Rosemblatt as an expert witness.

Defendants' request for dismissal is premature.  It may be that, without testimony from Dr. Rosenblatt, Plaintiffs cannot establish their claims.  However, the determination of the adequacy of such evidence as Plaintiffs may have should be considered in a summary judgment context.

For the foregoing reasons:

    1.    Defendants Sulzer Spine-Tech, Inc.'s and Sulzer Spine-Tech Surgical, Inc.'s Renewed Motion to Strike Expert Designations and to Dismiss Complaint is GRANTED IN PART AND DENIED IN PART.

        a.    Plaintiffs' designation of Dr. Aldo Rosemblatt as an expert witness is stricken.

        b.    Plaintiffs may not offer any expert witness testimony from Dr. Aldo Rosemblatt.

        c.    The Complaint shall not be dismissed.

    2.    Plaintiffs' Motion to Extend Time to File Expert's Underlined Opinions Per Order is GRANTED.

    3.    The case shall proceed pursuant to existing scheduling.

SO ORDERED this 20th day of May, 2002.

*/s/ Marvin J. Garbis*
Marvin J. Garbis
United States District Judge