FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 AUG -7  P 2:09

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY L. MORRISON, et ux.         *

        Plaintiffs              *

        vs.                      *   CIVIL ACTION NO. MJG-01-2700

SULZER SPINE-TECH, INC., et al.  *

        Defendants               *

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court has before it Sulzer Spine-Tech, Inc. and Sulzer Spine-Tech Surgical, Inc.'s Motion for Summary Judgment and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

### I.  BACKGROUND

At all times relevant hereto, Defendants, Sulzer Spine-Tech, Inc. and Sulzer Spine-Tech Surgical, Inc. (collectively referred to as "Sulzer") have engaged in the manufacture and sale of the BAK Interbody Fusion System ("the System"). The System is used by physicians in connection with autogenous bone grafts in patients with degenerative disc disease.

On or about February 26, 1998, Plaintiff Terre Morrison ("Mrs. Morrison") underwent a surgical procedure in which Dr. Thomas Ducker utilized the System. Plaintiffs allege that the

procedure was unsuccessful, that Dr. Ducker (apparently sued in a separate lawsuit) committed malpractice and that Sulzer should be held liable on various theories.

As described in a series of Memorandum and Orders issued herein,[1] Plaintiffs' counsel has not designated any expert witness. As the case presently stands, after Plaintiffs' voluntary dismissal of certain claims:

> The Plaintiffs case rests on theories of negligence including failing to properly train Dr. Ducker in the proper use of the device, training him in the use of improper graft material, failing to disseminate patient information brochures pursuant to PMA [Pre-Market Approval], releasing the BAK system to an improperly trained physician and failing to otherwise follow the PMA for the sale of the device. Plaintiffs also alleged failure to warn and lack of informed consent.

Pls.' Opp. to Defs.' Mot. for Sum. J. ¶ 2.

II. **SUMMARY JUDGMENT STANDARD**

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is

---

[1] See the Memorandum and Order issued January 7, 2002, the Memorandum and Order issued May 20, 2002 and the Supplement to Memorandum and Order issued May 29, 2002.

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In evaluating any motion for summary judgment the Court must bear in mind that:

> Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." (quoting Fed. R. Civ. P. 1).

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

In order to defeat a motion for summary judgment, "the party opposing the motion must present _evidence_ of specific facts from which the finder of fact could reasonably find for him or her." Mackey v. Shalala, 43 F.Supp.2d 559, 564 (D.Md. 1999) (emphasis added).

III. DISCUSSION

Plaintiffs' counsel summarizes the evidentiary situation accurately when he states:

> In essence, the Plaintiff intends to prove by the Defendants' own documents and by those produced from the FDA that the Defendants failed to properly train Dr. Ducker, allowed the device to be placed into the Plaintiff without proper warning of the use or non use of cancellous bone and failed to properly inform the Plaintiff that the

> device required the use of hip or cancellous bone, yet had failed to properly train Dr. Ducker how to perform the procedure correctly under the PMA. As a direct result, the Plaintiff's fusion ultimately failed as noted by Dr. Ducker and causing her to be in her present condition as set forth by her treating pain management physician, Dr. Forest.

Pl. Mem. In Opp. to Defs.' Motion to Strike Expert Designation and to Dismiss[2] [sic], fifth[3] page.

Plaintiffs' submission is manifestly inadequate to avoid summary judgment. Plaintiffs have not submitted <u>evidence</u> based upon which any reasonable fact finder could hold Sulzer liable in any theory. Plaintiffs present, unsupported by competent (or any) evidence from persons skilled in the pertinent field, merely bare allegations and arguments of counsel. However, "[t]he arguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, fail to meet the evidentiary standard necessary to create a genuine issue of material fact." <u>Rountree v. Fairfax County School Bd.</u>, 933 F.2d 219, 223 (4th Cir. 1991)

Plaintiff's presentation is inadequate to constitute proof of any breach of the pertinent standard of care for adequate

---

[2] This is the label Plaintiffs' counsel gave to the memorandum opposing the instant summary judgment motion.

[3] The pages are not numbered.

4

training, any breach of the standard of care for proper warning, or of a proximately causative link between any negligence of Sulzer and injury to Terre Morrison.

As stated by the Maryland Court of Appeals:

> Although we have recognized that in the occasional "obvious injury" case the common knowledge of jurors may be sufficient to support an inference or finding of negligence on the part of a health care provider, we have made it clear that in the ordinary medical malpractice case, because of the complexity of the subject matter, expert testimony is required to establish negligence and causation.

Meda v. Brown, 569 A.2d 202, 206-07 (Md. 1990).

Moreover, as recognized by this Court in Lee v. Baxter Healthcare Corp.:

> The testimony of an expert witness is indispensable in product liability cases 'when the subject of the inference is so particularly related to come science or profession that it is beyond the ken of the average layman.'

721 F.Supp. 89, 95 (D.Md. 1989)(citations omitted).

On the record presented, Plaintiffs have not presented sufficient evidence to raise a genuine issue of material fact as to Sulzer's liability on any theory.

The Defendants are entitled to summary judgment.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

    1. Sulzer Spine-Tech, Inc. and Sulzer Spine-Tech Surgical, Inc.'s Motion for Summary Judgment is GRANTED.

    2. Judgment shall be entered by separate Order.

SO ORDERED this __6th__ day of August, 2002.

                                          _____
                                          Marvin J. Garbis
                                          United States District Judge